IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOHN WILLIAM JUMPER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA CASCADE COUNTY A.D.C.,<br><br>Defendants. | CV-18-00108-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John Jumper, a state prisoner proceeding without counsel, filed an Amended Complaint (Doc. 11) alleging Defendants denied him access to legal materials during his incarceration at the Cascade County Detention Center. The Amended Complaint fails to state a federal claim for relief and therefore this matter should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Jumper is a state prisoner. At the time he filed his Complaint, Mr. Jumper was incarcerated at the Cascade County Adult Detention Center in Great Falls, Montana. His Amended Complaint indicates he is currently incarcerated at Crossroads Correctional Center.

1

In the style of his original Complaint, Mr. Jumper listed the State of Montana and the Cascade County Adult Detention Center as Defendants and indicated in the body of the Complaint that he was suing Cascade County Adult Detention Center Administrator Dan O'Fallon. (Complaint, Doc. 2 at 1.) In the Amended Complaint, Mr. Jumper lists the following Defendants: Cascade County Detention Facility, the State of Montana, and Dan O'Fallon. (Amd. Complaint, Doc. 11 at 3.)

### B. Allegations

Mr. Jumper alleges he was denied law books for his cases the entire time he was incarcerated in the Cascade County Adult Detention Center. (Amd. Complaint, Doc. 11 at 5.) Mr. Jumper also provides some facts which appear to pertain to his underlying criminal cases. He indicates that if he had law books he would have done better on his plea deal. (Doc. 11 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This matter should be dismissed for failure to state a claim.

First, as set forth in the Court's prior Order, the State of Montana is not a proper defendant in this action and should be dismissed. Further, Mr. Jumper has not stated a claim for denial of access to the courts. To show a violation of the right to access to the courts an inmate must demonstrate "actual injury," in that there was a "specific instance" in which they were denied access. *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). "The injury requirement is not satisfied by just any type of frustrated legal claim"; prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Casey*, 518 U.S. at 354-55. To have standing essential to assert a denial of access to the courts, an inmate must show "actual injury," which means the inmate must demonstrate that official acts or omissions "hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis*, 518 U.S. at 353 n 3.

Mr. Jumper made no showing of actual injury. Although he discusses the underlying facts of his criminal cases, he does not explain how the lack of legal materials hindered his efforts to pursue a non-frivolous legal claim. He simply makes the conclusory statement that if he had law books he would have done better on his plea deal. Mr. Jumper confirms he had an attorney for these criminal

proceedings. (Amd. Complaint, Doc. 11 at 8.) The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. Given that Mr. Jumper was represented by counsel he had the capability of bringing challenges to his criminal charges. Mr. Jumper's of denial of access to the courts allegations fail to state a claim.

In addition, Mr. Jumper's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " (citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487). Mr. Jumper

4

argues that if he had law books he would have done better on his plea deal. Any ruling regarding whether Mr. Jumper's plea deal was inadequate would necessarily imply the invalidity of his sentence and therefore his denial of access to the court claims are *Heck* barred.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Jumper failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jumper may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of May, 2019.

                                                */s/ John Johnston*
                                                John Johnston
                                                United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Jumper is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.